## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**MICHAEL JEROME JOHNSON**                                                      **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 2:12cv77-KS-MTP**

**LT. THOMAS BYRD**                                                             **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendant's Motion for Summary Judgment [23] and the Plaintiff's Response to Defendant's Motion for Summary Judgment [27]. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the Defendant's Motion for Summary Judgment [24] be GRANTED.

**Factual Background**

Plaintiff Michael Jerome Johnson, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 on or about May 11, 2012. In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges a claim against Lt. Thomas Byrd for excessive force. *See* Omnibus Order [18]. Specifically, he claims that in August 2011, Lt. Byrd hit him on the shoulder with his hand and grabbed him by the clothes after he refused to answer the questions of another prison guard, Lt. Massey. *Id.* As a result, Plaintiff claims he suffered a bruised shoulder and possibly a sore back, but no other injuries resulted. *Id.* Plaintiff claims to have received medical treatment and was given pain medication and muscle relaxers; however, his medical records reflect no such medical attention. *Id;* [Doc.26].

Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff seeks compensatory damages for his pain and suffering and mental anguish.

Defendant filed his Motion for Summary Judgment [23] on March 1, 2013. Plaintiff filed his Response to Motion for Summary Judgment [27] on March 21, 2013.

## Summary Judgment Standard

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary

facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Discussion

### I.     Plaintiff Has Not Stated a Claim Against Defendant in His Official Capacity

The Plaintiff cannot recover for a claim against Lt. Byrd in his official capacity because no evidence suggests that SMCI implemented a policy providing for excessive force. "[F]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has failed to provide any evidence that SMCI had a policy, custom or practice that was the "moving force" behind the alleged excessive force. *See Monell*, 436 U.S. at 694. Accordingly, Plaintiff's claim against Lt. Byrd in his official capacity, if any, should be dismissed.

### II.     Defendant Is Entitled to Qualified Immunity.

Lt. Byrd is not liable to the Plaintiff in his individual capacity because his actions did not violate the constitutional rights of the Plaintiff and were objectively reasonable under the circumstances, which entitles him to qualified immunity. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified

3

immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Plaintiff must demonstrate that "(1) the Defendant violated the plaintiff's constitutional rights and (2) the Defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter*, 659 F.3d at 445 (citing *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007)).

### A. The Force Used Was *De Minimis*.

The Plaintiff suffered no infringement of constitutional rights because no evidence suggests that Lt. Byrd used more than *de minimis* force. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Confined individuals have a constitutional right to be free from excessive force, and plaintiffs claiming a constitutional violation must show that an official knowingly violated this clearly established law. *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006); *Hudson v. McMillian*, 503 U.S. 1 (1992). The "core judicial inquiry" when deciding whether an excessive force claim violates the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant objective factors in the inquiry of the application of force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (internal citations omitted).

Inmates are not constitutionally protected from the use of *de minimis* force when the circumstances merit such force or call for the restoration of order within the detention facility. *Siglar v. Hightower*, 112 F.3d 191,193 (5th Cir. 1997) (finding that the use of *de minimis* force

4

causing only bruising and soreness around plaintiff's ear did not merit a constitutional violation). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal citations and quotations omitted).

After a thorough review of the record, including the *Spears* hearing transcript, Plaintiff's sworn affidavit, and Plaintiff's medical records, the court finds that Lt. Byrd violated no constitutional rights of the Plaintiff through excessive force. Given Plaintiff's refusal to answer Lt. Massey's questions, the situation called for no more than a limited amount of force, and Lt. Byrd responded with no more than a *de minimis* amount of force. According to the *Spears* hearing transcript, the Plaintiff claims that Lt. Byrd struck him on the shoulder "with a flat hand." *Tr. of Spears Hearing* at 10. This flat-handed strike on the Plaintiff's shoulder is said to have knocked the Plaintiff off balance in his seat, but the Plaintiff was able to regain his balance by grabbing the table and then standing up to identify the officer. [Doc. 28].

Furthermore, the flat-handed strike and grab caused no serious injury to the Plaintiff's shoulder, as he stated that it "put a bruise on there; that's about it." [Doc. 18] at 2; *Tr. of Spears Hearing* at 12. The Plaintiff claims to have received treatment and medication for his pain and bruising, but his medical records do not reflect him having received any such treatment at all. *Id.*; [Doc. 26]. Given the information about the nature of the strike and the minimal injuries sustained, the court finds that Lt. Byrd used only *de minimis* force and violated no constitutional rights of the Plaintiff.

## B. The Conduct Was Objectively Reasonable Under the Circumstances.

The second prong of objective reasonableness may carry more weight when deciding the issue of qualified immunity. *Pearson*, 129 S.Ct. at 818. In *Pearson v.Callahan*, the Supreme Court receded from its holding in *Saucier v. Katz*, 533 U.S. 194 (2001) (setting forth original two-prong test above), holding that "while the sequence [of the two-prong test] set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *Id.* "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). "Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

The use of *de minimis* force to restore discipline following a prison disturbance constitutes objective reasonableness when applied in good-faith. *White v. Epps*, 411 Fed. App'x 731, 732 (5th Cir. 2011). In *White*, A prisoner received bruising on his elbows from being forced onto the ground for a strip search, which was conducted following a prison riot. *Id*. The court determined that use of force causing such minimal injuries did not constitute a violation of the prisoner's constitutional rights. *Id*.

An officer's use of minimal force that results from a prisoner's failure to comply with prison officials is not considered malicious or sadistic when the force is reasonable under the circumstances. *Williams v. Valenti*, 432 Fed. App'x 298, 302 (5th Cir. 2011). The plaintiff in *Williams* caused a disturbance in a prison's medical treatment center, which resulted in prison officials physically hitting the plaintiff in an effort to restrain him. *Id*. at 301-02. The court

6

deemed that the use of such force would not have been needed without the plaintiff's failure to comply with the officials. *Id*. Accordingly, the official's use of force constituted a good faith effort to maintain order and restore discipline. *Id*. at 302.

In application to the case at bar, the court finds that Lt. Byrd's actions were reasonable under the circumstances because of Plaintiff's failure to comply with a prison official. The Plaintiff admits that he refused to respond to Lt. Massey's questioning and that they previously "had words." [Doc. 28]. Such refusal or "having words" with an officer may be interpreted as a disturbance or failure to comply, which may be call for the use of minimal force in good faith. *White*, 411 Fed. App'x at 732; *Williams*, 432 Fed App'x at 302. The Officer applied what could best be described as an open-handed pop or shove to Plaintiff's shoulder. The court concludes that Lt. Byrd used minimal force which was neither malicious or sadistic, and his conduct was objectively reasonable under the circumstances. Accordingly, he is entitled to qualified immunity.

**Conclusion/ Recommendation**

Based on the entire record in this matter, the court concludes that Plaintiff has not raised genuine issues of material fact and that the defendant is entitled to summary judgment as a matter of law. Accordingly, the court recommends that the Defendant's Motion for Summary Judgment be granted, and that Plaintiff's claims be dismissed with prejudice.

**Notice of Right to Object**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 28th day of June, 2013.

s/ Michael T. Parker
United States Magistrate Judge