# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MICHAEL JEROME JOHNSON**                                                              **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:12-CV-77-KS-MTP**

**LT. THOMAS BYRD**                                                              **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 28, 2013, the Magistrate Judge entered a Report and Recommendation [29] that the Court grant Defendant's Motion for Summary Judgment [23]. Plaintiff filed his objections [30] to the Report and Recommendation on July 18, 2013, and while he disagrees with the Magistrate Judge's conclusions, he offers no meritorious argument in response to them.

First, Plaintiff failed to address the substance of the Magistrate Judge's analysis regarding the official capacity claim against Defendant. Specifically, Plaintiff failed to allege or offer any evidence of a policy, custom, or practice that was the moving force behind Defendant's actions. Next, Plaintiff disagrees with the Magistrate Judge's conclusion that the force used was *de minimis*, but Plaintiff failed to offer any coherent argument, evidence, or allegations relevant to the analysis outlined in *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (providing objective factors to consider when determining whether a prison official applied excessive force). Plaintiff also argues that Defendant's actions were objectively unreasonable, but he offered no argument, evidence, or allegations demonstrating that Defendant's use of

*de minimis* force was applied in bad faith. *See White v. Epps*, 411 F. App'x 731, 732 (5th Cir. 2011) (the context in which force is applied determines whether it constitutes excessive force). Indeed, Plaintiff admits that he ignored Defendant's order and intentionally failed to respond. *See Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011) (where it was undisputed that prisoner resisted guard's effort to restrain him, use of force was necessary).

Finally, Plaintiff argues that he should be allowed to conduct discovery before his claims are dismissed. But because Defendant is entitled to qualified immunity, Plaintiff is not entitled to discovery. *Williams v. Day*, 220 F. App'x 287, 287-88 (5th Cir. 2007). "Further, because the [Court] assumed [Plaintiff's] factual allegations to be true, there was no need to provide evidentiary support for those allegations." *Id.*

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted an independent review of the record and the Magistrate Judge's factual findings and legal conclusions. The Court concludes that the Report and Recommendation [29] is an accurate statement of the facts and correct analysis of the law. The Court adopts it and **grants** Defendant's Motion for Summary Judgment [23]. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 26th day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE